UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 11-95 |
| v. | * | SECTION: "R" |
| NOE JUAREZ | * | |
| * * * | | |

## GOVERNMENT'S MOTION FOR REVOCATION OF THE MAGISTRATE COURT'S RELEASE ORDER

NOW COMES the United States of America, by and through John F. Murphy, Assistant United States Attorney for the Eastern District of Louisiana, and, pursuant to Title 18, United States Code, Section 3145(a), hereby seeks a revocation of the Order of Release of defendant Noe Juarez entered on the 13th day of April, 2013 by the Honorable Frances Stacy, United States Magistrate Judge for the Southern District of Texas. The United States further moves the Court for a stay of the Magistrate Court's release order until this Court can conduct a hearing on the Motion to Revoke the Release Order.[1] The Government submits that defendant Juarez should be detained pre-trail because he poses a serious risk to the safety of others, as well as a substantial risk of flight, such that no combination of release conditions will adequately alleviate these concerns. Title 18, United States Code, Section 3142(e). The Pre-Trial Service Office for the Southern District of Texas recommended to Judge Stacy that the defendant Noe Juarez "be detained" because he is a danger and flight risk.

---

[1] The Magistrate Judge ordered the defendant released on a $50,000 property bond with special conditions of electronic monitoring and supervision by a United States Pre-Trial Service Officer. The Court stayed execution of its release order until 1:00 p.m., April 14, 2015.

## PROCEDURAL HISTORY

On April 2, 2015, defendant Noe Juarez was charged in a two count Superseding Indictment in the Eastern District of Louisiana. Count 1 charges that from a time unknown and continuing until in or about the year 2012, within the Eastern District of Louisiana and elsewhere, that the defendant did knowingly and intentionally combine, conspire, confederate, and agree to distribute and to possess with the intent to distribute five kilograms or more of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); in violation of Title 21, United States Code, Section 846.  Count 2 charges that the defendant was a member of a conspiracy to possess firearms in furtherance of drug trafficking crimes in violation of Title 18, United States Code, Section 924(o).

On April 8, 2015, the defendant made an Initial Appearance in the Southern District of Texas on the Indictment pursuant to Rule 5 of the Federal Rules of Criminal Procedure. The government moved to detain the defendant based on danger and flight risk.

On April 13, 2015, at the detention hearing, the government moved to detain the defendant based on the presumption of detention under the statute, evidence of flight risk, evidence of danger to the community, the recommendation of detention by the Pre-Trial Service Officer and the testimony of the DEA and FBI case agents.

During the detention hearing, the Government presented evidence and argument in support of its detention motion.  Specifically, the Government noted at the outset that the case was a "presumption" case under Title 18, United States Code, Section 3142(e) given the drug trafficking charges.

2

Count One of the Superseding Indictment provides for a minimum mandatory period of ten (10) years imprisonment, and a maximum life sentence pursuant to Title 21, United States Code, Section 841(b).

At the detention hearing before the Magistrate, the government called as witnesses the two case agents on the investigation who testified about defendant Juarez's involvement with a major drug operation where he distributed firearms, police bullet-proof body armor, vehicles, and sensitive law enforcement data to members of the drug operation.  The agents also introduced video and audio recordings of the defendant providing assault weapons and confidential law enforcement computer data identifying license plate information to an individual that he believed to be a member of a drug organization.  The government has included as an attachment to this Motion to Review the affidavit of Drug Enforcement Administration Special Agent William Lawrence Johnson, III, who sets forth in detail the relevant aspects of the investigation of defendant Juarez demonstrating that he poses both a danger to the community and is a flight risk if released from custody.  See also Attachments A, B, C, and D.

## STANDARD OF REVIEW & AUTHORITIES

Title 18, United States Code, Section 3145(a)(1) permits an attorney for the government to file with the court having original jurisdiction over the offense, a motion for revocation or amendment of the release order. 18 U.S.C. 3145(a)(1) (West 2015).  The district court reviews a release order *de novo*. *See United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992) ("[T]he district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release."); *United States v. Delker*, 757 F.2d 1390, 1394-95 (5th Cir. 1985).  The government must show risk of flight by a preponderance of the evidence and risk of danger to the community by clear and convincing evidence. *United States v. Fortna*, 769 F.2d

243, 250 (5th Cir. 1985); 18 U.S.C. § 3142(f). "For pretrial detention to be imposed on the defendant, the lack of reasonable assurance of <u>either</u> the defendant's appearance, <u>or</u> the safety of others or the community is sufficient; both are <u>not</u> required." *Rueben*, 974 F.2d at 586. Further, section 3142(e) provides for a statutory rebuttable presumption that no such condition or combination of conditions exist which will reasonably assure the appearance of the person as required and the safety of the community, if the judicial officer finds that there is probable cause to believe that the defendant committed the drug conspiracy offense set forth in Count 1 of the superseding indictment. An indictment provides probable cause that a defendant committed an offense. *United States v. Trosper*, 809 F.2d 1107, 1110 (5th Cir. 1987).

The Senate Judiciary committee's reports reveal that Congress was particularly concerned by evidence showing that persons involved in drug trafficking pose significant risks of flight and further criminal activity if released before trial. S.Rep. No. 98-225 at 19-20, 98th Cong., 1st Sess. (1983); 1984 U.S.C.C.A.N. 3182, 1983 WL 25404. It is apparent that Congress considered the facilitation of drug trafficking to be highly probative on the issue of detention.

## DETENTION OF JUAREZ IS JUSTIFIED

The government asserts that the evidence shows that there are no conditions of release that would reasonably assure Juarez's presence at trial or would reasonably assure the safety of the community.

The facts presented in the attached sworn affidavit establish that there are no conditions that would reasonably assure Juarez's attendance at trial or ensure the safety of the community. The facts in the affidavit show that defendant is a substantial flight risk. Juarez is facing a minimum of ten (10) years imprisonment and up to a life sentence, and has strong connections

with the coconspirators that have demonstrated their ability/knowledge to alter their fingerprints, obtain fake documents, and have strong connections in and to Mexico.

The United States has established by clear and convincing evidence, through the affidavit of Special Agent Johnson, that defendant Juarez, by virtue of his profession as a current sworn Houston Police Officer, has aided and abetted known drug dealers and their drug operation by providing again and again guns, police bullet-proof vests, and sensitive police information in furtherance of a drug trafficking scheme, while in police uniform and wearing a gun.  *See Affidavit.*  Juarez's willingness to supply known drug dealers with high-powered weaponry, including assault rifles, underscores the particular danger he presents to the community. Furthermore, based on that trusted relationship with the drug trafficking conspirators where defendant Juarez even titled the drug traffickers' vehicles in his own name to assist them in avoiding law enforcement detection, if released, he will  pose a serious threat to the community.

## CONCLUSION

WHEREFORE, the United States moves this court to stay the execution of the release order of the Magistrate Judge in the Southern District of Texas, entered April 13, 2015,until a *de novo* detention hearing can occur, and after considering that evidence presented at the hearing, to revoke the release order and enter an order detaining defendant Juarez.

    Respectfully submitted,

    KENNETH ALLEN POLITE, JR.
    UNITED STATES ATTORNEY

    /s/John F. Murphy
    JOHN F. MURPHY
    Assistant United States Attorney
    650 Poydras Street, Suite 1600
    New Orleans, LA  70130
    Telephone:  (504) 680-3126

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 13, 2015, a copy of the foregoing has been sent to counsel for defendant by electronic mailing and by overnight mail.

      /s/ John F. Murphy
      JOHN F. MURPHY
      Assistant United States Attorney