IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| V. | § § | CRIMINAL NO. 11-95<br>SECTION "R" |
| NOE JUAREZ | § § | |

**UNOPPOSED REQUEST FOR BILL OF PARTICULARS**

Noe Juarez, through counsel George D. Murphy, Jr., requests that the court order the Government to furnish a Bill of Particulars pursuant to Rule 7 of the Federal Rules of Criminal Procedure, and in support, Mr. Juarez shows the following:

I.

"The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution." United States v. Mackey, 551 F.2d 967, 970 (5th Cir. 1977). A court must consider a defendant's need for information while mindful that the bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." United States v. Burgin, 621 F.2d 1352, 1359 (5th Cir.). Whether to grant a bill of particulars is within a trial court's sound discretion; for practical purposes, the trial court's discretion is almost invariably final. See, Mackey, 551 F.2d at 970.

"A bill of particulars is not required if a defendant is otherwise provided ... with sufficient information to enable him to prepare his defense and avoid surprise." United States

v. Moody, 923 F.2d 341, 351 (5th Cir.1991).

### Information Requested in Bill of Particulars

The generic nature of the indictment makes it impossible for Mr. Juarez to determine the facts that the government will rely upon to attempt to prove Mr. Juarez's agreement to join a conspiracy.  The indictment alleges that Mr. Juarez joined two conspiracies, one to deliver cocaine (Count 1) and one to possess firearms in furtherance of a drug trafficking crime (Count 2).  The indictment does not include the names of co-conspirators or any overt acts.  In addition, the indictment does not narrow the conspiracies to any useful, identifiable time period.  Instead, the conspiracy in Count 1 allegedly began "at a time unknown and continu[ed] until in or about the year 2012" and the conspiracy in Count 2 allegedly began "on a date unknown but prior to July 17, 2013, and continu[ed] to on or about the date of this Superseding Indictment…"

During discovery, counsel has identified three distinct, unrelated conspiracies that the government may claim that Mr. Juarez joined.  The first involves Alvaro Palma and Mickey Gallegos to whom Mr. Juarez is alleged to have sold guns.  The second involves Sergio Grimaldo, Efrain Grimaldo, Sabino Duarte, Aldo Perez, and others to whom Mr. Juarez is alleged to have sold guns and provided non-public police information and for whom he is to have laundered money.  The third possibility is a conspiracy involving a female, undercover informant and others to whom Mr. Juarez is to have sold guns and provided non-public information.

The inability for the defense to discern the exact contours of the indictment raises several issues.  First, Mr. Juarez cannot effectively prepare for trial.  Second, Mr. Juarez

cannot later raise a double jeopardy claim in the event of an acquittal. And third, each of the three potential conspiracies above creates distinct and significant evidentiary and other legal issues (including venue and severance of counts) which cannot be thoroughly and timely presented to the court without knowing which conspiracies are in play.

To ensure that Mr. Juarez receives proper notice of the allegations he is defending and to properly preserve his right against double jeopardy, it is critical that the court order the government to provide the following information: (1) the names of co-conspirators that are applicable to each count, (2) more specific dates on which Mr. Juarez was allegedly involved in the conspiracies, (3) the names of confidential informants whom the government intends to call as witnesses at trial, and (4) detailed overt acts sufficient enough to clearly identify the conspiracy alleged.

II.

Counsel has discussed this request for a bill of particulars with Assistant United States Attorney John Murphy. He has agreed to file a bill of particulars.

Respectfully submitted,

/s/ George D. Murphy, Jr.
George D. Murphy, Jr.
Texas State Bar No. 14697990
6750 West Loop South, Suite 845
Bellaire, Texas 77401
(713) 658-1960
(713) 650-1602 (FAX)
george@georgemurphylawyer.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of October, 2015, I electronically filed the foregoing Request for Bill of Particulars with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. John Murphy
Assistant United States Attorney
John.murphy2@usdoj.gov

              /s/ George D. Murphy, Jr.
              George D. Murphy, Jr.