UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 11-095 |
| v. | * | SECTION: "R" |
| NOE JUAREZ | * | |

*   *   *

**ANSWER IN OPPOSITION FOR TRANSFER OF VENUE**

Now into Court comes the undersigned Assistant United States Attorney answering in opposition to the defendant's motion to transfer venue pursuant to Federal Rules of Criminal Procedure 21(b).

As the defense correctly notes the application of Rule 21(b) is a matter of discretion for the Court. *United States v. Walker*, 559 F.2d 365, 372 (5th Cir. 1977). Persuasive factors to be considered when evaluating a transfer of venue are detailed in *Platt v. Minnesota Mining & Manufacturing*, 376 U.S. 240 (1964). Analysis of the persuasive *Platt* factors heavily weigh against granting the defendant's request for the following reasons:

1. The defendant is presently in custody in the Eastern District of Louisiana and a change of venue would require significant logistics efforts to transfer him via U.S. Marshal air service or ground transportation to the Southern District of Texas. Custodial housing of any former law enforcement officer requires significant effort by custodial officials to ensure the safety of such a defendant.

2. At least six (6) government witnesses are located in U.S. Marshal Service custody in the Eastern District of Louisiana, all of whom would need to be transported by the U.S. Marshal Service to the Southern District of Texas. Custodial officials would be required to conduct a new analysis, already done in the Eastern District of Louisiana,

      to determine if there is a conflict raising safety concerns with each defendant and other defendants housed in a detention facility.

3. Another government witness in Bureau of Prisons' custody is being transported to the Eastern District of Louisiana via an A.S.R. and his travel through the U.S. Marshal Service would need to be rescheduled and diverted to the Southern District of Texas.

4. The D.E.A. case agent and prosecution staff to include three attorneys, at least one supervising consulting attorney, paralegals and administrative support personnel, currently residing in the Eastern District of Lousiana, would need to all travel and maintain a new residence in the Southern District of Texas prior to and during the trial.  All government trial materials and evidence would need to be transported to Texas.  Such travel and residence issues will increase the government cost of prosecuting this case.

5. There is uncertainty as to the docket schedule of the District Court in the Southern District of Texas that may cause delay in court proceedings that are already scheduled in the Eastern District of Louisiana.  Such uncertainty could adversely impact witness availability.

6. Trial testimony will include substantial reference to events in the Eastern District of Louisiana regarding the actions of the conspirators as well as other events that occurred in the Southern District of Texas

Although the government has a number of Texas based witnesses, most of these witnesses are law enforcement officials or cooperating individuals who are being provided transportation to the Eastern District of Lousiana at government expense.

WHEREFORE, the government respectfully urges the Court for the foregoing reasons, to deny a transfer of venue in this case.

> Respectfully submitted,
>
> KENNETH ALLEN POLITE, JR.
> UNITED STATES ATTORNEY
>
> s/John F. Murphy
> JOHN F. MURPHY
> Assistant United States Attorney
> 650 Poydras Street, Suite 1600
> New Orleans, Louisiana   70130
> Telephone:  (504) 680-3126

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 215, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

> /s/John F. Murphy
> JOHN F. MURPHY
> Assistant United States Attorney