UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO: 11-95 |
| SERGIO GRIMALDO, ET AL. | SECTION: R |

## ORDER AND REASONS

Defendant Noe Juarez moves the Court to transfer venue to the Southern District of Texas, Houston Division under Federal Rule of Criminal Procedure 21(b).[1] For the following reasons, the Court denies the motion.

## I. Background

On April 21, 2011, a grand jury sitting in the Eastern District of Louisiana issued a one-count indictment against three alleged co-conspirators, Sergio Grimaldo, Efrain Grimaldo, and Sabino Duarte. The indictment charged the defendants with conspiring to distribute and to possess with the intent to distribute five kilograms or more of cocaine hydrochloride, in violation 21 U.S.C. § 846.[2] On April 2, 2015, the grand jury returned a superseding indictment against defendant Noe Juarez and alleged co-conspirator Sergio

---

[1]    R. Doc. 290.

[2]    *See* R. Doc. 1.

Grimaldo.[3]  Count One charges Juarez and Grimaldo with conspiring to distribute and to possess with the intent to distribute five kilograms or more of cocaine hydrochloride, in violation 21 U.S.C. § 846.[4]  Count Two charges Juarez and Grimaldo with conspiring to possess firearms in furtherance of the drug trafficking crime alleged in Count One, in violation of 18 U.S.C. § 924(o).[5] Grimaldo pled guilty on September 23, 2015.[6]  Juarez is scheduled to proceed to trial on November 9, 2015.[7]

Jaurez now moves the Court to transfer venue to the Southern District of Texas, Houston Division for convenience under Federal Rule of Criminal Procedure 21(b).  Juarez argues that all of his potential witnesses reside in Houston.  Juarez also argues that every conspiratorial act the Government alleges Juarez took in furtherance of the conspiracy occurred in Houston. Finally, Juarez argues that both his legal team and his family live in Houston, making the trial expensive for Juarez and his family members who want to attend.  In opposition to Juarez's motion, the Government argues that Juarez and several witnesses are currently in custody in the Eastern District of

---

[3]      *See* R. Doc. 230.

[4]      *Id.* at 1.

[5]      *Id.* at 2.

[6]      *See* R. Doc. 278.

[7]      *See* R. Doc. 269.

Louisiana. Transporting these inmates to the Southern District of Texas would require custodial officials to determine whether any housing conflicts, which may present safety concerns, exist as to each inmate. In addition, another witness who is also in custody elsewhere is already being transported to the Eastern District of Louisiana. The Government also argues that trial testimony will include substantial reference to events that occurred in the Eastern District of Louisiana.

## II.    Legal Standard

"A [criminal] defendant does not have a right to be tried in his own home district; trial is proper in any federal judicial district in which venue may lie." *United States v. Spakowski*, 32 F.3d 565, 1994 WL 442370, at *8 (5th Cir. 1994); *see also Platt v. Minn. Mining & Mfg. Co.*, 376 U.S. 240, 245 (1964). Nevertheless, Federal Rule of Criminal Procedure 21(b) provides that, "[u]pon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice."

The court is given broad discretion to rule on motions to transfer venue. *United States v. Nyamaharo*, 364 F. App'x 899, 900 (5th Cir. 2010). In determining whether transfer is appropriate, courts typically consider the following non-exclusive factors: (1) the location or residence of the defendant;

(2) the location of potential witnesses; (3) the location of events likely to be in issue; (4) the location of documents and records likely to be involved; (5) the parties' expenses; (6) the location of counsel; (7) the relative accessibility of the place of trial; (8) the docket condition of each district or division involved; and (9) any other special elements that might affect the transfer. *United States v. Ubak-Offiong*, 364 F. App'x 859, 862-63 (5th Cir. 2010) (citing *Platt*, 376 U.S. at 245).

## III.  Discussion

Initially, the Court notes that other courts, both within and outside this district, have generally recognized a presumption in favor of the Government's choice of forum, so long as venue is proper. *United States v. Mata*, No. 15-68, 2015 WL 5552658, at *2 (E.D. La. Sept. 17, 2015) (collecting cases). There is no dispute that venue is proper here. After considering other relevant factors,[8] the Court finds that transfer is inappropriate in this case.

### A.    Location of the Defendant and Potential Witnesses

---

[8]    Juarez concedes that the relative accessibility of New Orleans and the docket conditions of the relevant districts are "in this day and age, essentially meaningless" because "any location in America is *relatively* accessible" and neither district is so overburdened that it cannot conduct a trial.  R. Doc. 290-1 at 3.  Juarez also concedes that because this case is not "document-intensive," any relevant documents are producible in either district.  *See id.* at 2.  Accordingly, the Court does not address these factors in its analysis.

Juarez contends that all of the witnesses he intends to call reside in Houston. Juarez does not contend, however, that any of the witnesses he intends to call are unable to attend trial in New Orleans because of their Houston residences. Importantly, Juarez and his co-defendants are incarcerated in this district. As the Government points out, at least six witnesses are incarcerated here, and another incarcerated witness already has transportation arrangements to the Eastern District of Louisiana. Transporting these inmates to the Southern District of Texas would require custodial officials in Houston to evaluate any potential housing conflicts, which may create safety concerns, as to each inmate. This factor weighs against transfer. *See Mata*, 2015 WL 5552658, at *3 (citing *United States v. Freeman*, No. 2:06CR20089, 2009 WL 2222969, at *2 (W.D. La. July 23, 2009) (finding that the current location of defendant and his co-defendants favored maintaining the current venue).

## B.    Location of Events Likely to Be in Issue

Juarez contends that he never set foot in the Eastern District of Louisiana during the pendency of the alleged conspiracy. Nonetheless, the Government alleges that conspiracy took place in part in this district and that trial testimony will include substantial reference to events that occurred here,

rather than in Texas.[9] Indeed, law enforcement's investigation into the alleged conspiracy began in the Eastern District of Louisiana.[10] Accordingly, even if Juarez's alleged physical participation in the conspiracy occurred only in Texas, because events that will be at issue at trial occurred here, this factor does not weigh strongly in favor of transfer. *See id.* at *4 (noting that trial is appropriate in a district where conspiratorial events took place).

### C. The Parties' Expenses and Location of Counsel

Finally, Juarez argues that his legal team and his family live in Houston, which makes his New Orleans-based trial expensive or cost prohibitive for certain family members who want to attend. Transferring venue to the Southern District of Texas would be similarly expensive for the Government, whose trial team consists of several persons located here who would then have to travel to Houston.[11] Accordingly, this factor does not weigh strongly in favor of transfer.

In sum, considering the relevant *Platt* factors, the Court concludes that the convenience of the parties and witnesses and the interests of justice are best served by denying Juarez's motion to transfer.

---

[9]     R. Doc. 296 at 2.

[10]     *See* R. Doc. 279 (factual basis underlying co-defendant's guilty plea).

[11]     R. Doc. 296 at 2.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES defendant's Motion to Transfer Venue.


New Orleans, Louisiana, this  13th  day of October, 2015.


_Sarah Vance_

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE