IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 11-95 |
| | § | SECTION "R" |
| NOE JUAREZ | § | |

## OBJECTION TO ADMISSION OF 404(B) EVIDENCE

Noe Juarez, through counsel George D. Murphy, Jr., objects to the admission of evidence that the government seeks to introduce pursuant to Federal Rule of Evidence 404(b), and in support, Mr. Juarez shows the following:

I.

The government has notified the defense of its intent to introduce evidence pursuant to Federal Rule of Evidence 404(b).  (See, Docket Entry #317).   In the notice, the government stated that it intended to introduce evidence which falls into two groups:  the "Isaias Gallegos Conspiracy" and the "Rodolfo Martez Castaneda Conspiracy."   This evidence is inadmissible character evidence and, therefore, it is inadmissible under Federal Rules of Evidence 404.  In addition, even if admissible under Rule 404(B), the evidence in inadmissible under Rule 403.

II.

The purpose of Rule 404(b) is to "guard against the inherent danger that the admission of 'other acts' evidence might lead a jury to convict a defendant not of the charged offense, but instead of an extrinsic offense".   United States v. Sumlin, 489 F.3d 683, 689 (5th Cir.2007). Where the extrinsic activity did not result in a conviction, this danger is particularly great. Id.

In United States v. Beechum the Fifth Circuit set out a two-part test for determining

whether extrinsic evidence is admissible under Rule 404(b).  582 F.2d 898, 911 (5th Cir.1978) (en banc). "First, it must be determined that the extrinsic evidence is relevant to an issue other than the defendant's character." *Id*. "Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of [R]ule 403." Id.

The standard for relevancy under Beechum is whether the evidence has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."  Fed.R.Evid. 401; *See*, United States v. Kinchen, 729 F3d 466, 472 (5th Cir. 2013).  Extrinsic acts are relevant to prove one of the elements listed in Rule 404(b):  "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

After completing the Beechum/404(b) analysis, the court must then decide whether the evidence should be excluded under Rule 403, that is, whether the prejudicial effect of admitting the evidence substantially outweighs the evidence's probative value.   The court considers several factors in determining whether the prejudicial effect of the extrinsic evidence substantially outweighs its probative value:  "(1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions."  See, United States v. Kinchen, 729 F.3d at 473.  The more closely the extrinsic evidence resembles the charged offense the greater prejudice to the defendant.  United States v. Beechum, 582 F.2d at 914.

III.

Mr. Juarez objects to the evidence that the government intends to introduce pursuant to Rule 404(b) because it is inadmissible character evidence which does not fall into any of the exceptions to the inadmissibility of character evidence listed in Rule 404(b)(2).   Further, the

probative value of this evidence is substantially outweighed by the danger of unfair prejudice,

misleading the jury and confusing the issues.


Respectfully submitted,


/s/ George D. Murphy, Jr.
George D. Murphy, Jr.
Texas State Bar No. 14697990
6750 West Loop South, Suite 845
Bellaire, Texas 77401
(713) 658-1960
(713)  650-1602 (FAX)
george@georgemurphylawyer.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of December, 2015, I electronically filed the

foregoing Objection to Admission of 404(b) Evidence using the CM/ECF system which will

send notification of such filing to the following:

Mr. John Murphy
Assistant United States Attorney
John.murphy2@usdoj.gov

/s/ George D. Murphy, Jr.
George D. Murphy, Jr.
