**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                      **CRIMINAL ACTION**

**VERSUS**                                                            **NO: 11-095**

**NOE JUAREZ**                                                   **SECTION "R"**

## JURY CHARGE

You have heard all of the evidence in the case as well as the final arguments.  As I instructed you at the beginning of the case, statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist you, the jury, in understanding the evidence and the parties' contentions.

I will now instruct you on the rules of law that you must follow and apply in this case.  In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to decide what evidence is proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses.  Then I will give you some specific rules of law about this particular case.  Finally, I will explain to you the procedures you should follow in your deliberations.

**Duty to Follow Instructions**

You, as jurors, are the judges of the facts.  But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

**Presumption of Innocence, Burden of Proof, Reasonable Doubt**

The Superseding Indictment, or formal charge, against the defendant is not evidence of guilt.  Indeed, the defendant is presumed by the law to be innocent.  The defendant begins with a clean slate.  The law does not require a defendant to prove his innocence or produce any evidence at all [and no inference whatsoever may be drawn from the election of a defendant not to testify.][1]

The government has the burden of proving the defendant's' guilt beyond a reasonable doubt, and if it fails to carry this burden as to the defendant, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that a

---

[1]Bracket instructions may or may not apply as determined by the court proceedings.

defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

## Evidence—Excluding What is Not Evidence

As I told you earlier, it is your duty to determine the facts.  To do so, you must consider only the evidence presented during the trial.  Evidence is the sworn testimony of the witnesses, [including stipulations and the admitted exhibits].  The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

[During the trial, I sustained objections to certain questions.  You must disregard those questions.  Do not speculate as to what the witness would have said if permitted to answer the question.  Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence.  Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision.  Your verdict must be based solely on the legally admissible evidence and testimony.]

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.  Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

## Evidence—Inferences—Direct and Circumstantial

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence."  You should consider and weigh all of the evidence that was presented to you.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence.  But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find the defendant guilty.

## Deliberate Ignorance

You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what would otherwise have been obvious to him.  While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.

## Stipulated Facts

The parties have agreed, or stipulated, to certain facts.  This means that both sides agree that these stipulations are facts.  You must therefore treat these facts as having been proved.

## Credibility of Witnesses

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses.  You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was.  In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.  In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.  Similarly, do not reach a conclusion on a particular point just because there were

more witnesses testifying for one side on that point.  Please always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## Accomplice—Co-Defendant—Plea Agreement

In this case the government called witnesses as alleged accomplices with whom the government has entered into plea agreements for some of these witnesses.  These agreements provide for the dismissal of certain charges or other benefits to which the co-defendants or accomplices would otherwise be exposed in their own criminal prosecution.  Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying.   On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty.  You should keep in mind that such testimony is always to be received with caution and weighed with great care.  You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.

The fact that an accomplice has entered a plea of guilty to an offense related to that with which the defendant is charged is not evidence of the defendant's guilt.

## Expert Opinion Testimony

[During the trial you heard the testimony of certain "expert" witnesses.  If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion.  You should judge such testimony like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.]

## **On or About**

You will note that the Superseding Indictment charges that the offense was committed "on or about" specific dates. The government does not have to prove that a particular offense was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the offense on a date reasonably near the date stated in the Superseding Indictment.

## **Caution—Consider Only the Crimes Charged**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged in the Superseding Indictment.  A defendant is not on trial for any act, conduct, or offense not alleged in the Superseding Indictment.  You should not be concerned with the guilt of any other person or persons not on trial as a defendant in this case.

## <u>Caution—Punishment</u>

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way.  It should not enter your consideration or discussion.

## <u>Possession</u>

"Possession," as that term is used in this case, may be of two kinds: actual possession and/or constructive possession.

A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.

Possession may be sole or joint.  If one person alone has actual or constructive possession of a thing, possession is sole.  If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

## <u>"Knowingly"—To Act</u>

The word "knowingly," as that term has been used in this case, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## Caution—Transcript of Tape Recorded Conversation

During the course of trial, tape recordings of oral conversation have been received in evidence.  Typewritten transcripts of the oral conversation which can be heard on those tape recordings have also been received by you.  The transcript also purports to identify the speakers engaged in such conversation.

The transcripts have been admitted for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent. It is what you hear on the tape that is evidence, not the transcripts.

## SPECIFIC INSTRUCTIONS AS TO THE CRIMES CHARGED

Now I will give you specific instructions with respect to the law applicable to the offenses charged in the Superseding Indictment.

## Count 1

### Conspiracy to Possess with the Intent to Distribute Cocaine

Title 21, United States Code, Section 846, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substances laws of the United States.  In

this case, the defendant, Noe Juarez, is charged with conspiring to distribute and possess with intent to distribute cocaine hydrochloride.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:          That two or more persons, directly or indirectly, reached an
                agreement to distribute or possess with intent to distribute cocaine;

Second:         That the defendant knew of the unlawful purpose of the agreement;
                and

Third:          That the defendant joined in the agreement willfully, that is, with
                the intent to further its unlawful purpose.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the

Page **10** of 17

Superseding Indictment were actually agreed upon or carried out, nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

Count 1 of the Superseding Indictment charges that the purpose, or object, of the conspiracy was to distribute and possess with intent to distribute cocaine hydrochloride.[2]  Title 21, United States Code, Section 841(a)(1) makes it a crime to distribute or possess with intent to distribute such substances.

A defendant distributes cocaine when:

First:        That the defendant knowingly distributed a controlled substance; and

Second:        That the substance was in fact cocaine hydrochloride.

A defendant possesses with intent to distribute cocaine hydrochloride when:

First:        That the defendant knowingly possessed a controlled substance;

[2] Failure to instruct on the elements of the "object" crime of the conspiracy is at least "serious" error, if not plain error.  *See United States v. Vaglica*, 720 F.2d 388, 391 (5th Cir. 1983); *see also United States v. Smithers*, 27 F.3d 142, 146 (5th Cir. 1994).

Second:     That the substance was in fact cocaine hydrochloride; and

Third:      That the defendant possessed the substance with the intent to
            distribute it.

In this Count of the Superseding Indictment, the defendant is not charged with distributing or possessing with intent to distribute cocaine.  Instead, he is charged only with conspiring to do so.  Although the government must prove that the defendant agreed to distribute and possess with intent to distribute cocaine, it is not required to prove that the defendant actually distributed or possessed with the intent to distribute that substance.[3]  Instead, the government is required to prove beyond a reasonable doubt that he conspired to do so.

If you find a defendant guilty of the charged conspiracy in Count 1, you must then determine the quantity or weight of the controlled substance that the government has proven beyond a reasonable doubt can be attributed to the defendant.  A quantity of a controlled substance may only be attributed to the defendant if that quantity and controlled substance was within the scope of the conspiracy after the defendant joined the conspiracy and if the defendant knew or should have known that the quantity and controlled substance was involved in the conspiracy.  Attributable amounts include all quantities of a controlled substance with which the defendant was directly involved as well as all reasonably foreseeable quantities that were within the scope of the conspiracy that he joined.[4]

---

[3] 21 U.S.C. § 846 does not require the government to prove commission of an overt act in furtherance of the drug conspiracy.  *United States v. Shabani*, 513 U.S. 10 (1994).

[4] *See United States v. Gurrusquieta*, 54 Fed.Appx. 592 (5th Cir. 2002); *United States v. Guajardo*, 391 Fed.Appx. 384, 385 (5th Cir. 2010).  The original cases use the phrases "criminal activity that he jointly undertook" and "within scope of the joint criminal activity."  The Guidelines define "jointly undertaken criminal activity" as a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy.  U.S.S.G. § 1B1.3 comment. (n. 2).

Conduct occurring before the defendant joined the conspiracy is not reasonably foreseeable to that defendant.  However, you may consider the defendant's knowledge of conduct that occurred before he joined the conspiracy in determining what that defendant agreed to and what was reasonably foreseeable to him when he joined the conspiracy.[5]

In making this determination, you must be convinced that the government has proven beyond a reasonable doubt the quantity of controlled substances, if any, attributable to a particular defendant.  Your decision must be unanimous.

Conspirator's Liability

A conspirator is responsible for offenses committed by another conspirator if the conspirator was a member of the conspiracy when the offense was committed and the offense was committed in furtherance of, or as a foreseeable consequence of, the conspiracy.

Therefore, if you have first found a defendant guilty of the conspiracy charged in the Count and if you find beyond a reasonable doubt that during the time that the defendant was a member of the conspiracy, other conspirators committed the offense in the Count in furtherance of and as a foreseeable consequence of that conspiracy, then you may find the defendant guilty of the Count.

---

[5] *See United States v. Carreon*, 11 F.3d 1225 (5th Cir. 1994) ("In making the judgment what a co-conspirator can 'reasonably foresee,' the earlier transactions of the conspiracy before he joins but of which he is aware will be useful evidence.").

## Count 2

**Conspiracy to Possess Firearms in Furtherance of a Drug Trafficking Crime**

Title 18, United States Code, Section 924(o) makes it a crime to conspire to possess firearms in furtherance of a crime of violence and drug trafficking crime.  In Count 2, the defendant is charged with participating in a conspiracy to commit this crime in violation of Title 18, United States Code, Section 924(o), beginning at a time unknown but prior to July 17, 2013.

As I told you, a "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  For you to find a defendant guilty of the crime charged in count three, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt that:

First:         That the defendant committed the crime of conspiracy to distribute and to possess a controlled substance, as charged in Count 1 of the Superseding Indictment.  I instruct you that conspiracy to distribute or possess with intent to distribute cocaine hydrochloride is a  drug trafficking crime;

Second:     That two or more persons, directly or indirectly, reached an agreement to possess one or more firearms in furtherance of the crime of violence and drug trafficking crime charged in Count 1 of the Superseding Indictment;

Third:        That the defendant knew of the unlawful purpose of the agreement; and

Fourth:      That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

For purposes of this count there are certain terms that have a common meaning.

To prove that the defendant "possessed a firearm in furtherance," the government must prove that the defendant possessed a firearm that furthers, advances, or helps forward the drug

trafficking crime.  The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive.  The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

## DUTY TO DELIBERATE—VERDICT FORM

Duty to Deliberate

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous on the one count of the Superseding Indictment.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts.  Your duty is to decide whether the government has proved the defendant's guilt beyond a reasonable doubt.  When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

Verdict Form

A verdict form has been prepared for your convenience.   The following instructions pertain to the verdict form used in this case.

The foreperson will write the unanimous answer of the jury in the space provided.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.  If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal.  I will either reply in writing or bring you back into the courtroom to answer your message.

Bear in mind that you are never to reveal to any person, not even to the Court, how the jury stands, numerically or otherwise, on the one count of the Superseding Indictment, until after you have reached a unanimous verdict.

Again, let me remind you that during your deliberations you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media to communicate any information about this case or to conduct any research about this case until I accept your verdict.

Yours truly,

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

/s/ John F. Murphy
JOHN F. MURPHY
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, LA  70130
Phone:  (504) 680-3126

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 4, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

<u>/s/John F. Murphy</u>
JOHN F. MURPHY
Assistant United States Attorney