IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| V. | § § | CRIMINAL NO. 11-95<br>SECTION "R" |
| NOE JUAREZ | § § | |

### MEMORANDUM IN LAW IN SUPPORT OF REQUEST TO GRANT IMMUNITY TO ISAIAS GALLEGOS

Noe Juarez, through counsel George D. Murphy, Jr., requests pursuant to the defendant's Due Process right to present a defense and his Sixth Amendment Right to Compulsory Process that the court order the government to grant statutory use immunity to Isaias Gallegos. In the alternative, the defendant requests that the court, on its own motion, grant judicial immunity to Isaias Gallegos and in support presents the following:

I.  Factual Background

The government notified the defendant that it intended to introduce evidence pursuant to Rule 404(b) that the defendant joined a conspiracy with Isaias Gallegos to possess guns in furtherance of a drug crime. Over Mr. Juarez's objection, the court has allowed the introduction of this evidence.

The government intends to introduce the testimony of Alvaro Palma who will testify that Palma purchased guns from the defendant at Mr. Gallegos' instructions. Mr. Juarez has two reasons to believe that Mr. Gallegos, if he testified, would contradict Palma. First, the Department of Homeland Security interviewed Mr. Gallegos on December 15, 2010. Gallegos told the DHS that (1) "Juarez did not know that Gallegos was in the drug business", (2)

"Gallegos had a feeling that Juarez could be helpful to him at some point, but it never developed into that", and (3) "Gallegos has no information that Juarez is doing anything against the law."

Counsel interviewed Mr. Gallegos on January 11, 2016. Mr. Gallegos told counsel that (1) he, Gallegos, never purchased guns from Mr. Juarez, (2) he never asked Palma to purchase guns from Mr. Juarez, (3) he never told Mr. Juarez that he, Gallegos, was in the drug business, and (4) Mr. Juarez never agreed to join a conspiracy with Gallegos to either deliver drugs or possess guns in furtherance of a drug crime.

Counsel intends to call Gallegos as a witness. In the event that Gallegos refuses to testify and asserts his Fifth Amendment Privilege, Mr. Juarez requests that the court order the government to grant statutory immunity to Gallegos pursuant to 18 USC § 6003. In support of this request, Mr. Juarez presents the following:

## II.     Legal Principles

The current state of the law in the Fifth Circuit forecloses Mr. Juarez's request for a grant of statutory immunity to Gallegos. The Fifth Circuit has held that the district court may not grant immunity to a defense witness just because that witness has essential exculpatory evidence that the defendant cannot get from any other source. See, Autry v. Estelle, 706 F.2d 1394, 1400-03 (5th Cir. 1983); United States v. Thesis, 665 F.2d 616, 638-641 (5th Cir. 1982).

Other Circuit Courts of Appeal, however, have recognized that the granting of immunity requested by the defendant is supported by the defendant's Due Process right to present a defense [Chambers v. Mississippi, 410 U.S. 284 (1973)] and the Sixth Amendment right to compulsory process. In Government of the Virgin Islands v. Smith, 615 F.2d 964 (3rd Cir. 1980), the Third Circuit discussed the importance of the granting of a "judicial immunity." It wrote:

> The need for judicial immunity is triggered, not by prosecutorial misconduct, or intentional distortion of the trial process, but by the

> fact that the defendant is prevented from presenting exculpatory evidence which is crucial to his case… [T]he immunity granted is a court decreed immunity; it is not achieved by any order directed to the executive, requiring the executive to provide statutory immunity.

*See also*, <u>United States v. Herman</u>, 589 F.2d 1191 (3rd Cir. 1978).

In <u>United States v. Praetorius</u>, 622 F.2d 1054, 1064 (2nd Cir. 1979), the Second Circuit wrote that it is an "open issue whether under 'extraordinary circumstances' due process may require that the government confer use immunity on a witness for the defendant." *citing*, <u>United States v. Wright</u>, 588 F.2d 31, 35 (2nd Cir. 1978).

Finally, Justice Marshall and Brennan dissented from the denial of certiorari in <u>Autry v. McKaskle</u>, 465 U.S. 1085 (1984). In their dissent they wrote that certiorari should be granted, in part, because there was a split among the circuits over whether courts could, on their own motion, grant immunity to witnesses who provided exculpatory evidence.

Respectfully submitted,

/s/ George D. Murphy, Jr.
George D. Murphy, Jr.
Texas State Bar No. 14697990
6750 West Loop South, Suite 845
Bellaire, Texas 77401
(713) 658-1960
(713) 650-1602 (FAX)
george@georgemurphylawyer.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of Janaury, 2016, I electronically filed the foregoing Memorandum of Law in Support of Request to Grant Immunity to Isaias Gallegos with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. John Murphy
Assistant United States Attorney
John.murphy2@usdoj.gov

                                              /s/ George D. Murphy, Jr.
                                              George D. Murphy, Jr.