UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 11-095 |
| v. | * | SECTION: "R" |
| NOE JUAREZ | * | |

\* \* \*

**GOVERNMENT'S OPPOSITION TO DEFENSE MOTION
FOR COURT TO ORDER THE GOVERNMENT
TO GRANT STATUTORY USE IMMUNITY TO ISAIAS GALLEGOS**

The Government opposes Noe Juarez's motion requesting that this Court order the Government to provide "statutory use immunity" to potential witness Isaias "Mickey" Gallegos because 1) the precedent of the Fifth Circuit recognizes that the judiciary has no authority, statutory or constitutional, permitting such an order, 2) some of the testimony sought to be introduced through Gallegos is inadmissible, and 3) Gallegos's testimony does not contradict the government's evidence that defendant Juarez was involved in a narcotics conspiracy with a member of the Gallegos organization.

**I.     THE FACTS**

Mickey Gallegos has indicated that he believes that Noe Juarez did not know he was a drug dealer.  Gallegos has expressed no interest in testifying in this trial and when approached by

the Government refused to communicate further about the case. Gallegos has expressed his intent to invoke the Fifth Amendment protection against self-incrimination, which the Government agrees would apply to him. While convicted of a conspiracy to distribute cocaine hydrochloride in the Southern District of Texas (see attached indictment), Gallegos has significant criminal exposure were he to testify, including potential state charges and other federal charges, including false statements to federal agents.

## II.     LAW AND ARGUMENT

### a.     Fifth Circuit Precedent Prohibits the Judicial Branch from Ordering the Executive Branch to Immunize Witnesses.

"District courts may not grant immunity to defense witnesses simply because that witness has essential exculpatory information unavailable from other sources." *United States v. Thevis*, 665 F.2d 616, 639 (5th Cir. 1982). In federal trials, the Fifth Circuit has "noted that judges lack authority to immunize witnesses." *Autry v. Estelle*, 706 F.2d 1394, 1402 (1983). The Fifth Circuit has "consistently held that a district court does not possess the statutory, common law, or inherent authority either to grant use immunity to a defense witness over the government's objection or to order the government to do so." *United States v. Chagra*, 669 F.2d 241, 258 (5th Cir. 1982) (overruled on other grounds). "[T]he Fifth Circuit has never required a district court to grant judicial immunity or reversed a district court's denial of a defendant's request for court-ordered immunity. . ." *United States v. Skilling*, No. 04-025, 2006 WL 1737546, at *4 (S.D. Tex. Jun. 23, 2006).

Juarez relies on 18 U.S.C. § 6003, but the text of that section clearly requires "the request of the United States attorney for such district" in both subparts. The one circuit that had fashioned some form of judicial immunity abrogated that decision in 2013. *United States v.*

2

*Quinn*, 728 F.3d 243 (3rd Cir. 2013) (*en banc*) (abrogating *Government of Virgin Islands v. Smith*, 615 F.2d 964 (1980)). As the *Quinn* court noted,

> No statute or Supreme Court ruling authorizes judicial grants of immunity for a defense witness (called for convenience judicial use immunity). We are the only Court of Appeals that permits a trial court to immunize a defense witness. Every other Court of Appeals has rejected this theory of judicial power. Today we do as well . . . Immunity is a statutory creation, bestowed by Congress on the Executive Branch through the federal witness immunity statute, 18 U.S.C. §§ 6002, 6003. The decision to immunize a witness to obtain his testimony is a core prosecutorial function, as immunizing necessarily involves weighing the public's need for testimony against the risk that immunity will inhibit later prosecution of criminal wrongdoing. We, in our corner of the Judiciary, now step away from our reach into this prosecutorial realm.

*Id.* at 247. While the *Quinn* court recognized that failure to immunize may evidence prosecutorial misconduct in some extreme cases, nowhere has the defense alleged nor can it show that the Government has abused its executive authority to immunize witnesses.

### b.   Some of the Proffered Evidence is Inadmissible as Speculative.

A statement of belief as to what someone else thought is inherently speculative and therefore inadmissible. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. . ." Fed. R. Evid. 602. There is no way Gallegos can know what Juarez thought, and his testimony to that affect would add nothing to the jury's search for truth.

### c.   Proffered Evidence Does Not Materially Contradict Government's Evidence of Defendant's Criminal Involvement With Gallegos Criminal Organization

The government will present the testimony of Alvero Palma, a member of the Gallegos criminal organization who will testify about his personal involvement with defendant

Juarez to advance the Gallegos conspiracy objectives. Palma personally purchased seven assault weapons from defendant Juarez that were used by the Gallegos criminal organization. Defendant Juarez personally disclosed law enforcement confidential information to Palma by identifying a law enforcement pole camera and disclosing other investigative techniques. While Palma will testify that his direct involvement with defendant Juarez was at the direction of Mickey Gallegos, whether it was or not, does not make defendant Juarez's activities any less criminal.

Furthermore, through the introduction of the video/audio undercover recordings of defendant Juarez and a confidential informant, the government will provide the jury with the specific admissions of defendant Juarez relating to his involvement with the Gallegos organization. Juarez not only acknowledges providing three weapons to that organization, he also admits the following:

1. His rifles were found by law enforcement in a drug stash house. (Gov. Exh. 135, § M, p.2);

2. As a result, things are extremely bad and he is going to receive a sentence of 20 or 25 years because he is a policeman who is providing guns. (Gov. Exh. 135, § M, p.10);

3. Because there is a law enforcement investigation, the confidential informant should make sure that the weapons he sold her are moved to the "South" and the serial numbers on the weapons are removed and filled in. (Gov. Exh. 135, § M, pp.2-3);

4. The government has proof of two of the weapons but none of the rest. (Gov. Exh. 135, § N, p.19; and

5. Because of the Gallegos investigation and stash-house raid, Juarez advised his nephew (Efrain Grimaldo) to leave the country. (Gov. Exh. 135, § N, pp. 10-11).

The testimony of Mickey Gallegos does not contradict the admissions of defendant Juarez or the actions of Palma in engaging directly in criminal activity with defendant Juarez. Any alleged exculpatory impact of the proffered statements of Gallegos is substantially exaggerated. Neither due process nor compulsory process mandate that this Court grant judicial immunity or require the government to authorize executive immunity to Gallegos.

### III. CONCLUSION

For the reasons stated, the Government respectfully opposes the defense motion.

Respectfully submitted,

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY


/s/James Baehr
JAMES S. C. BAEHR (35431)
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana   70130


**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

/s/James Baehr
JAMES S. C. BAEHR
Assistant United States Attorney