UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 11-95 |
| NOE JUAREZ | SECTION "R" |

## ORDER AND REASONS

Before the Court is defendant Noe Juarez's motion for compassionate release.[1] The Government opposes the motion.[2] For the following reasons, the Court denies defendant's motion.

## I.   BACKGROUND

In January 2016, a jury convicted Juarez on two counts: one count of conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine hydrochloride, and one count of conspiracy to possess firearms in furtherance of a drug trafficking crime.[3] He was subsequently sentenced to a 365-month term of imprisonment.[4] In June 2016, defendant

---

[1]   R. Doc. 503.
[2]   R. Doc. 508.
[3]   R. Doc. 342-2.
[4]   R. Doc. 397.

appealed.[5] The Fifth Circuit affirmed Juarez's conviction but vacated his sentence.[6] Juarez was then resentenced to a 310-month term of imprisonment.[7] In November 2019, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255,[8] which this Court denied.[9] Defendant is currently serving his sentence and has a release date of April 11, 2036.[10]

Defendant now moves for compassionate release.[11] He contends that compassionate release is warranted because he experiences various health problems—namely, PTSD, back issues, and arthritis.[12] He also asserts that there is a disparity between his sentence and the sentences of similarly situated defendants.[13] The Government opposes defendant's motion.[14] The Court considers the motion below.

---

[5]   R. Doc. 394.
[6]   R. Doc. 440.
[7]   R. Doc. 467.
[8]   R. Doc. 479.
[9]   R. Doc. 483.
[10]  See Fed. Bureau of Prisons, *Find an Inmate* (2025), https://www.bop.gov/inmateloc.
[11]  R. Doc. 503.
[12]  R. Doc. 503-1 at 4.
[13]  *Id.* at 5.
[14]  R. Doc. 508.

## II.  LEGAL STANDARD

As a threshold matter, the Court may grant a defendant's motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After exhausting available administrative remedies, a court may grant compassionate release if it finds that "extraordinary and compelling reasons warrant such a reduction," after considering the sentencing factors set out in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) (holding that, in evaluating a motion by an inmate, rather than the BOP, the district court "is bound only by § 3582(c)(1)(A)(i)" and "the sentencing factors in § 3553(a)").

If a defendant has demonstrated "extraordinary and compelling reasons," the Court must consider the § 3553(a) factors, and may decline to reduce the defendant's sentence if the factors weigh against granting relief. *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020) (noting that "compassionate release is discretionary, not mandatory, and [can] be refused after weighing the sentencing factors" even when a defendant is

3

eligible). When a defendant fails to demonstrate "extraordinary and compelling reasons," the Court need not consider the § 3553(a) factors. *See United States v. Thompson*, 984 F.3d 431, 433 & n.2 (5th Cir. 2021).

## III.  DISCUSSION

In Juarez's motion, he avers that he submitted a request for compassionate release to the warden on May 9, 2025, to which he received no response.[15] The Court thus considers whether Juarez has demonstrated "extraordinary and compelling reasons" for compassionate release.

Defendant has failed to demonstrate that there exist such reasons. 18 U.S.C. § 3582(c)(1)(A)(i). In support of his motion, defendant asserts that he suffers from PTSD, back issues, and arthritis.

The medical records attached to the government's opposition show that defendant has a history of low back pain and that the pain is managed with Ibuprofen. An October 2024 medical encounter states that patient is "independent with basic [activities of daily living] and mobility."[16] His medical records support that the low back pain has been ongoing. However, nothing in his medical records indicates that he suffers from PTSD. Even

---

[15]  R. Doc. 503 at 3.
[16]  Defendant's 2025 medical encounters do not display complaints of any of the conditions this petition is based on.

assuming that defendant is experiencing all alleged medical conditions, the Court nevertheless finds that defendant has not established that his health conditions rise to the level of "extraordinary," or that the facility at which he is incarcerated is unable to manage his health needs. *See, e.g.*, *United States v. Taylor*, 2024 WL 150221, at *6-7 (E.D. Tex. Jan. 11, 2024) (denying compassionate release to a petitioner with lower back pain and other conditions); *United States v. Bates*, 2024 WL 3274986, at *2 (E.D. La. July 2, 2024) (denying compassionate release to a petitioner with, among other conditions, major depressive disorder and panic disorder); *United States v. Hight*, 488 F. Supp. 3d 184, 192 (E.D. Pa. 2020) (denying motion for compassionate release when movant claimed to have PTSD but the records contained no such diagnosis); *United States v. Pittman*, 2022 WL 2177665, at *3 (N.D. Tex. June 15, 2022) (denying motion for compassionate release where petitioner's health issues included PTSD); *United States v. Hodgin*, 2021 WL 928179, at *3 (D.S.D. Mar. 11, 2021) (denying compassionate release to a petitioner who, among other conditions, suffered from arthritis). The Court thus finds that compassionate release is not warranted on the basis of defendant's health concerns.

    Defendant also contends that compassionate release is warranted because he received a higher sentence than similarly situated individuals.

U.S.S.G. § 1B1.1.13(b)(6) outlines the criteria for finding an extraordinary and compelling circumstance for an unusually long sentence:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Juarez cites no change in law. Instead, he asserts that other defendants have received lower sentences for similar crimes. In essence, he is attempting to challenge the sufficiency of his federal sentence. A motion for compassionate release is not the proper vehicle to do so. *See Hooker v. Sivley*, 187 F.3d 680, 681 (5th Cir. 1999) ("[28 U.S.C.] § 2255 is the proper vehicle for challenging the validity of a conviction and sentence.").

Because Juarez has not demonstrated an "extraordinary and compelling reason[]" for release, the Court need not consider the § 3553(a) factors. *See Thompson*, 984 F.3d at 433 & n.2.

## IV.     CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for compassionate release.

New Orleans, Louisiana, this __15th__ day of September, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE